IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:

ATP OIL & GAS CORPORATION § 
§ CASE NO. 12-36187
Debtor §
§ CHAPTER 7
§

---

RODNEY TOW, TRUSTEE § 
§
V. §
§ ADVERSARY NO. _____
T. PAUL BULMAHN;  STEPHEN S. §
TAYLOR, JR.;  TAYLOR ASSET §
MANAGEMENT, INC.;  APEX §
CLEARING CORPORATION;  BANK OF §
AMERICA, NATIONAL ASSOCIATION; §
THE BANK OF NEW YORK MELLON §
CORPORATION; THE BANK OF NEW §
YORK MELLON/MELLON TRUST OF §
NEW ENGLAND, NATIONAL §
ASSOCIATION; BARCLAYS CAPITAL, §
INC.; BNP PARIBAS PRIME §
BROKERAGE, INC.; BROWN §
BROTHERS HARRIMAN SECURITIES, §
LLC; CHARLES SCHWAB & CO., INC.; §
CITIBANK, N.A.; CITIGROUP GLOBAL §
MARKETS INC.; CREDIT SUISSE §
SECURITIES (USA) LLC; DEUTSCHE §
BANK SECURITIES INC.; E*TRADE §
CLEARING LLC; FIRST CLEARING, §
LLC; GOLDMAN SACHS EXECUTION & §
CLEARING, LP; THE HUNTINGTON §
NATIONAL BANK; JP MORGAN CHASE §
BANK, N.A.; J.P. MORGAN CLEARING §
CORP.; LPL FINANCIAL §
CORPORATION; MERRILL LYNCH, §
PIERCE, FENNER & SMITH §
INCORPORATED; MORGAN STANLEY §
& CO. LLC; MORGAN STANLEY SMITH §
BARNEY LLC; NATIONAL FINANCIAL §

| | |
|---|---|
| SERVICES LLC; THE NORTHERN TRUST COMPANY; PERSHING LLC; RAYMOND, JAMES, & ASSOCIATES, INC.; RBC CAPITAL MARKETS, LLC; SCOTTRADE, INC.; STATE STREET BANK & TRUST CO.; STATE STREET BANK AND TRUST COMPANY; TD AMERITRADE CLEARING, INC.; TD WATERHOUSE CANADA, INC./CDS; UBS FINANCIAL SERVICES, INC.; UBS SECURITIES LLC; US BANK N.A.; JOHN DOE 1 – 553 | § § § § § § § § § § § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, MARVIN ISGUR:**

COMES NOW, Rodney Tow, the Chapter 7 Trustee (the "Trustee") of the estate of ATP Oil & Gas Corporation, files this Complaint against Brokerage Defendants and Preferred Stockholder Defendants named below and would show the Court as follows:

### I.
### JURISDICTION AND VENUE

1. The Trustee files this Complaint on behalf of the Debtor ATP Oil & Gas Corporation (herein "ATP" or the "Debtor") against Defendants for claims for fraudulent transfer under 24,005 at the Texas Business & Commerce Code and 11 U.S.C. § 548, and preferential transfer under 11 U.S.C. § 547.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), because this claim arises in and is related to ATP's bankruptcy proceeding (herein "Bankruptcy Case").

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (C), (H), (M) and (O).

4.  Plaintiff consents to this Court's entry of final orders or judgment relating to this Complaint.

5.  Venue lies in this district pursuant to 28 U.S.C. § 1408(a), as ATP's place of business and assets have been located here for 180 days preceding commencement of its Bankruptcy Case, and under 28 U.S.C. § 1409(a), since the Bankruptcy Case is pending in this Court.

## II.
## PARTIES

6.  The Plaintiff is Rodney Tow (hereinafter referred to as "Trustee", or "Plaintiff") and is the duly authorized and acting chapter 7 trustee of the estate of ATP Oil & Gas Corporation.

7.  The companies listed below are Brokerage Defendants that provided proxy representation of the Preferred Stockholders for the purpose of receiving notice and dividends on behalf of the Preferred Stockholders. They are included, in part, for the purpose of providing notice of this lawsuit to the Preferred Stockholders of ATP that received dividend payments in January, 2012, April, 2012 and July, 2012. The names of the Brokerage Defendants and their registered agents where they will be served are as follows:

   a.  Apex Clearing Corporation (aka Ridge Clearing & Outsourcing Solutions)
       c/o Registered Agent: National Registered Agents, Inc.
       111 Eighth Avenue
       New York, New York, 10011

   b.  Bank of America, National Association
       c/o Registered Agent: C T Corporation System
       1999 Bryan St., Suite 900
       Dallas, TX 75201-3136

   c.  The Bank of New York Mellon Corporation
       c/o Registered Agent: The Corporation Trust Company
       Corporation Trust Center

      1209 N. Orange Street
      Wilmington, DE 19801

  d.  The Bank of New York Mellon/Mellon Trust of New England, National Association
      c/o Registered Agent: The Corporation Trust Company
      Corporation Trust Center
      1209 Orange St
      Wilmington, DE 19801

  e.  Barclays Capital, Inc.
      c/o Registered Agent: C T Corporation System
      One Corporate Center
      Hartford, CT 06103-3220

  f.  BNP Paribas Prime Brokerage, Inc.
      c/o Registered Agent: The Corporation Trust Company
      Corporation Trust Center
      1209 Orange St
      Wilmington, DE 19801

  g.  Brown Brothers Harriman Securities LLC
      c/o Registered Agent: Brown Brothers Harriman & Co
      Attn: Treasurer
      140 Broadway
      New York, NY 10005-1101

  h.  Charles Schwab & Co., Inc.
      c/o Registered Agent: The Corporation Trust Company
      Corporation Trust Center
      1209 N. Orange Street
      Wilmington, DE 19801

  i.  Citibank, N.A.
      c/o Registered Agent: CT Corporation System
      150 Fayetteville St., Box 1011
      Raleigh, NC 27601

  j.  Citigroup Global Markets Inc.
      c/o Registered Agent: C T Corporation System
      One Corporate Center
      Hartford, CT 06103

  k.  Credit Suisse Securities (USA) LLC
      c/o Registered Agent: Corporation Service Company
      2711 Centerville Rd Suite 400
      Wilmington, DE 19808

l. Deutsche Bank Securities Inc.
c/o Registered Agent: The Corporation Trust Company
Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

m. E*Trade Clearing LLC
c/o Registered Agent: Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

n. First Clearing, LLC
c/o Registered Agent: Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

o. Goldman Sachs Execution & Clearing, LP
c/o DOS Process: Goldman Sachs Execution & Clearing, L.P.
ATTN: Norm Feit
One New York Plaza
New York, New York 10004

p. The Huntington National Bank
c/o Registered Agent: David A. Jones, Assistant Vice President
41 S High Street Huntington Ctr
Columbus, Ohio 43287-0001

q. JP Morgan Chase Bank, N.A.
c/o Registered Agent: The Corporation Trust Company of Nevada
311 S. Division St.
Carson City, NV 89703

r. J.P. Morgan Clearing Corp.
c/o Registered Agent: C T Corporation System
5601 South 59th Street
Lincoln, NE 68516

s. LPL Financial Corporation
c/o Registered Agent: CT Corporation System
4701 Cox Road, Suite 301
Glen Allen, VA 23060-6802

t. Merrill Lynch, Pierce, Fenner & Smith Incorporated
c/o Registered Agent: The Corporation Trust Company
Corporation Trust Center
1209 Orange St
Wilmington, DE 19801

u. Morgan Stanley & Co., LLC
   c/o Registered Agent: C T Corporation System
   1200 South Pine Island Road
   Plantation, FL 33324

v. Morgan Stanley Smith Barney LLC
   c/o Registered Agent: C T Corporation System
   1209 N. Orange Street
   Wilmington, DE 19801

w. National Financial Services LLC
   c/o Registered Agent: The Corporation Trust Company
   Corporation Trust Center
   1209 N. Orange St.
   Wilmington, DE 19801

x. The Northern Trust Company
   c/o Registered Agent: Secretary of State
   Lenora Smith
   50 South LaSalle Street
   Chicago, IL 60675

y. Pershing LLC
   c/o Registered Agent: BNY Mellon Trust of Delaware
   301 Bellevue Parkway 3rd Floor
   Wilmington, DE 19809

z. Raymond, James & Associates, Inc.
   c/o Registered Agent: C T Corporation System
   1999 Bryan Street, Suite 900
   Dallas, TX 75201-3136

aa. RBC Capital Markets, LLC
    c/o Registered Agent: Lawyers Incorporating Service
    14 Centre Street
    Concord, NH 03301

bb. Scottrade, Inc.
    c/o Registered Agent: Corporation Service Company
    2338 W. Royal Palm Road, Suite J
    Phoenix, AZ 85021

cc. State Street Bank & Trust Co.
    c/o Registered Agent: C T Corporation System
    155 Federal St., Suite 700
    Boston, MA 02110

    dd. State Street Bank and Trust Company
        c/o Registered Agent: C T Corporation System
        155 Federal ST., Suite 700
        Boston, MA 02110

    ee. TD Ameritrade Clearing, Inc.
        c/o Registered Agent: Incorporating Services, Ltd.
        5601 S. 59th St, Suite C
        Lincoln, NE 68516

    ff. TD Waterhouse Canada Inc./CDS
        c/o Registered Agent: Incorporating Services, Ltd.
        5601 S. 59th St, Suite C
        Lincoln, NE 68516

    gg. UBS Financial Services, Inc.
        c/o Registered Agent: Corporation Service Company
        2711 Centerville Rd., Suite 400
        Wilmington, DE 19808

    hh. UBS Securities LLC
        c/o Registered Agent: Illinois Corporation Service C
        801 Adlai Stevenson Drive
        Springfield, IL 62703-4261

    ii. US Bank N.A.
        c/o Registered Agent: The Corporation Trust Incorporated
        351 West Camden Street
        Baltimore, MD 21201-7912

    8.    The additional Defendants are Preferred Stockholders who received dividend payments in January, 2012, April, 2012 and July, 2012 (hereinafter "Preferred Stockholders"). The Preferred Stockholders received notice and dividends through a proxy system with the assistance of the Brokerage Defendants. The Brokerage Defendants are in possession of the names and contact information for the majority of the Preferred Stockholders. Upon information and belief, the Trustee anticipates that there were approximately five hundred and fifty-six (556) Preferred Stockholders that could be named as Defendants  The Trustee has identified the following Preferred Stockholder Defendants based on records maintained by ATP:

    a. T. Paul Bulmahn is an individual that conducts business in this District who can be served through his attorney of record Paul Richard Bessette; KING & SPALDING LLP; 401 Congress Avenue, Suite 3200; Austin, TX 78701. He is the former Chief Executive Officer and Chairman of the Board of Directors of ATP.

    b. Taylor Asset Management, Inc.
Registered Agent: C T Corporation System
208 SO Lasalle St, Suite 814
Chicago, IL, 60604

    c. Stephen S. Taylor, Jr.
714 S. Dearborn St. 2nd Floor
Chicago, IL 60605
Phone # (312) 583-0500

    d. Credit Suisse Securities (USA) LLC
c/o Registered Agent: Corporation Service Company
2711 Centerville Rd Suite 400
Wilmington, DE 19808[1]

9. The additional Preferred Stockholder Defendants shall be named John Doe 1 through John Doe 553 and the Trustee shall amend the Complaint to include their names and contact information upon receipt of the information from the Brokerage Defendants.

### III.
### FACTUAL ALLEGATIONS

10. ATP Oil & Gas Corporation (herein "ATP") was incorporated in Texas in 1991 and was in the business of acquisition, development and production of oil and gas properties.

11. On August 17, 2012, ATP filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

12. On June 26, 2014, the Bankruptcy Case was converted to a Chapter 7 proceeding, and Rodney Tow was appointed Trustee for ATP.

---

[1] Credit Suisse Securities (USA) LLC received Preferred Stocks in exchange for underwriting services. It is unclear if these Preferred Stocks were sold to customers of Credit Suisse Securities (USA) LLC or held by Credit Suisse Securities (USA) LLC. Therefore, Credit Suisse Securities (USA) LLC has been named as both a Brokerage Defendant and Preferred Stockholder Defendants.

13. On September 29, 2009, ATP issued approximately 1,400,000.00 shares of Convertible Preferred Stock ("Series A Preferred Stock").

14. In June, 2011, ATP issued approximately 1,700,000.00 shares of 8% convertible perpetual preferred stock ("Series B Preferred Stock").

15. The Series B Preferred Stock has terms and features which are substantially identical to the Series A Preferred Stock ATP Oil & Gas issued in 2009 (collectively, the "Preferred Stock"). According to the SEC filings created by ATP, each share of Preferred Stock is perpetual, has no voting rights, has a liquidation preference of $100, pays cumulative dividends at an annual rate of 8% payable in cash, shares of ATP's common stock, or a combination thereof, and is convertible at any time, at the option of the holder, into 4.5045 shares of common stock.

16. According to the SEC filings created by ATP, there were 3,105,000 shares of 8% convertible perpetual preferred stock outstanding as of March 2, 2012 and the number of holders of preferred stock as of March 2, 2012 was 556.

17. According to the SEC filings created by ATP, if declared by ATP's Board of Directors, holders of the Preferred Stock would be entitled to receive cumulative dividends at the rate per annum of 8% per share on the liquidation preference thereof of $100.00 per share of Preferred Stock (equivalent to $8.00 per annum per share), payable in cash, by delivery of shares of our common stock or through any combination of cash and shares of our common stock.

18. If declared by the ATP's Board of Directors, dividends on each share of Preferred Stock is $8.00 and is payable quarterly on each January 1, April 1, July 1 and October 1, commencing on January 1, 2010 for Series A Preferred Stock and on October 1, 2011 for Series B Preferred Stock.

19. According to the SEC filings by ATP, the company's ability to declare and pay cash dividends and make other distributions with respect to ATP's capital stock, including the Preferred Stock, was limited by the terms of ATP's outstanding indebtedness and by applicable Texas law.

20. ATP's Board of Directors authorized or ratified the payment of preferred stock dividend of $1.99 per share on Preferred Stock, which was to be paid on or about January 3, 2012. As of January 3, 2012, there were 3,125,000 total shares of Preferred Stock outstanding and aggregated dividends of $6,312,500.00 were paid.

21. ATP's Board of Directors authorized or ratified the payment of preferred stock dividend of $1.99 per share on Preferred Stock, which was to be paid on or about April 1, 2012. As of April 1, 2012, there were 3,105,000 total shares of Preferred Stock outstanding and aggregated dividends of $6,178,950.00 were paid.

22. ATP's Board of Directors authorized or ratified the payment of preferred stock dividend of $1.99 per share on Preferred Stock, which was to be paid on or about July 1, 2012. As of July 1, 2012, there were 3,104,999 total shares of Preferred Stock outstanding and aggregated dividends of $6,178,948.00 were paid.

23. The July 1, 2012 dividend was paid within less than ninety (90) days prior to ATP filing its Chapter 11 bankruptcy case.

24. T. Paul Bulmahn was the former Chief Executive Officer and Chairman of the Board of Directors of ATP. Defendant Bulmahn was also an owner of the Preferred Stock.

25. Due to its financial struggles, ATP had initially intended on not making the July 2, 2012 dividend payment. Mr. Bulhman disagreed with the decision not to make the dividend

payment and ultimately the other Officers and Directors of ATP merely rubber-stamped Defendant Bulmahn's desires for ATP.

26. The Debtor is an entity and, therefore, the intent of Mr. Bulhman, Chief Executive Officer and Chairman of the Board of Directors of ATP, who was responsible for the decision to make the dividend payment, is imputed upon the Debtor.

27. As a Preferred Stockholder, Defendant Bulmahn received substantial funds due to the dividend payment.

28. Through the transfer agent, American Stock Transfer & Trust Company, LLC, the dividend payments were made to Cede & Co., also known as Depository Trust Company, who held the ATP Preferred Stockholder certificates. Through a proxy system Depository Trust Company distributed the funds to the Brokerage Defendants.

29. Upon information and belief, depending on the type of Brokerage Defendant in question those funds, were either held by the Brokerage Defendants or distributed directly to the Preferred Stockholder Defendants.

## IV.
## CAUSE OF ACTION ONE: FRAUDULENT TRANSFER TO THE PREFERRED STOCKHOLDER DEFENDANTS UNDER THE TEXAS UNIFORM FRAUDULENT TRANSFER ACT

30. The Trustee repeats and re-alleges the allegations contained in the above paragraphs for all purposes by reference as if fully set forth herein. This cause of action is pled in the alternative.

31. Upon receipt of the funds from the Depository Trust Company, the Brokerage Defendants acted as mere conduits providing the dividend payment directly to the Preferred Stockholder Defendants. For this cause of action, the Brokerage Defendants are simply nominal

defendants for the purpose of placing their clients, the Preferred Stockholder Defendants, on notice of the claims against them.

32. The dividends that were passed through the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants described above were paid with the actual intent to hinder, delay, or defraud creditors of the Debtor. Specifically, Defendant Bulhman had the intent to hinder, delay, or defraud creditors of the Debtor so that he could receive additional funds through a dividend payment and this intent is imputed onto the Debtor.

33. Additionally, there was no reasonably equivalent value exchanged for the dividends that were passed through the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants described above.

34. The dividends that were passed through the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants described above were transferred at a time when ATP has unreasonably small capital or was in the zone of insolvency.

35. The dividends that were passed through the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants were transferred for the benefit of the insider, Defendant Bulhman.

36. Pursuant to the provisions of Sections 24.005 and 24.009 of the Texas Business & Commerce Code, the Trustee is entitled to avoid and recover the dividend payments made when ATP had unreasonably small capital and for which no reasonably equivalent value was given.

37. Pursuant to Section 24.013 of the Texas Business & Commerce Code, the Trustee is entitled to recover attorney's fees and costs.

## V.
## CAUSE OF ACTION TWO: FRAUDULENT TRANSFER UNDER 11 U.S.C. §548 AGAINST THE PREFERRED STOCKHOLDER DEFENDANTS

38. The Trustee repeats and re-alleges the allegations contained in the above paragraphs for all purposes by reference as if fully set forth herein. This cause of action is pled in the alternative.

39. Upon receipt of the funds from the Depository Trust Company, the Brokerage Defendants acted as mere conduits providing the dividend payment directly to the Preferred Stockholder Defendants. For this cause of action, the Brokerage Defendants are simply nominal defendants for the purpose of placing their clients, the Preferred Stockholder Defendants, on notice of the claims against them.

40. The dividends that were passed through the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants were paid within two (2) years of the bankruptcy.

41. The dividends that were passed through the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants described above were paid with the actual intent to hinder, delay, or defraud creditors of the Debtor. Specifically, Defendant Bulhman had the intent to hinder, delay, or defraud creditors of the Debtor so that he could receive additional funds through a dividend payment and this intent is imputed onto the Debtor.

42. Additionally, there was no reasonably equivalent value exchanged for the dividends, described above, that were passed through the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants.

43. The dividends, described above, that were passed through the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants were transferred at a time that ATP has unreasonably small capital or was in the zone of insolvency.

44. The dividends, described above, that were passed through the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants were transferred for the benefit of the insider, Defendant Bulhman.

45. The Trustee is entitled to recover dividends transferred on or about April, 2012 and July, 2012 that were passed through the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants as a result of the fraudulent transfers, plus pre-judgment and post-judgment interest.

### VI.
### PREFERENCE ACTION UNDER 11 U.S.C. §547 AGAINST THE PREFERRED STOCKHOLDER DEFENDANTS

46. The Trustee repeats and re-alleges the allegations contained in the above paragraphs for all purposes by reference as if fully set forth herein. This cause of action is pled in the alternative.

47. Upon receipt of the funds from the Depository Trust Company, the Brokerage Defendants acted as mere conduits providing the dividend payment directly to the Preferred Stockholder Defendants. For this cause of action, the Brokerage Defendants are simply nominal defendants for the purpose of placing their clients, the Preferred Stockholder Defendants, on notice of the claims against them.

48. The dividends that were passed through the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants were transfers from the Debtor of funds owned by the Debtor less than ninety (90) days prior to the bankruptcy. Based on the SEC filings, ATP was required to pay the Preferred Stockholders quarterly dividends through either cash or common stock. This created a creditor relationship between ATP and the Preferred Stockholder Defendants.

49. Therefore, the dividend payments listed above were made to a creditor of the Debtor. At the time of the transfers, the Debtor was insolvent, and the transfers were made to pay an antecedent debt owed by the Debtor prior to the transfer.

50. Each transfer listed above enabled the Preferred Stockholder Defendants to receive more than they would have received under Chapter 7 bankruptcy.

51. The Trustee is entitled to recover from the Preferred Stockholders for these preferential transfers related to the dividends paid in July, 2012.

## VII.
## CAUSE OF ACTION THREE: FRAUDULENT TRANSFER TO THE BROKERAGE DEFENDANTS UNDER THE TEXAS UNIFORM FRAUDULENT TRANSFER ACT

52. The Trustee repeats and re-alleges the allegations contained in the above paragraphs for all purposes by reference as if fully set forth herein. This cause of action is pled in the alternative.

53. In April, 2012 and July, 2012, the Brokerage Defendants received payment of the dividends for ATP Preferred Stock directly from Depository Trust Company.

54. The dividends that were received by Brokerage Defendants were transferred with the actual intent to hinder, delay, or defraud creditors of the Debtor. Specifically, Defendant Bulhman had the intent to hinder, delay, or defraud creditors of the Debtor so that he could receive additional funds through a dividend payment and this intent is imputed onto the Debtor.

55. Additionally, there was no reasonably equivalent value exchanged for the dividends that were received by the Brokerage Defendants.

56. The dividends that were received by the Brokerage Defendants described above were transferred at a time that ATP had unreasonably small capital or was in the zone of insolvency.

57.     The dividends that were received by the Brokerage Defendants were transferred for the benefit of the insider, Defendant Bulhman.

58.     Pursuant to the provisions of Sections 24.005 and 24.009 of the Texas Business & Commerce Code, the Trustee is entitled to avoid and recover the dividend payments made when ATP had unreasonably small capital and for which no reasonably equivalent value was given.

59.     Pursuant to Section 24.013 of the Texas Business & Commerce Code, the Trustee is entitled to recover attorney's fees and costs.

## VIII.
## CAUSE OF ACTION FOUR: FRAUDULENT TRANSFER UNDER 11 U.S.C. §548 AGAINST THE BROKERAGE DEFENDANTS

60.     The Trustee repeats and re-alleges the allegations contained in the above paragraphs for all purposes by reference as if fully set forth herein. This cause of action is pled in the alternative.

61.     In April, 2012, and July, 2012, the Brokerage Defendants received payment of the dividends for ATP Preferred Stock directly from Depository Trust Company.

62.     The dividends that were received by the Brokerage Defendants were transferred within two (2) years of the bankruptcy.

63.     The dividends that were received by the Brokerage Defendants were transferred with the actual intent to hinder, delay, or defraud creditors of the Debtor. Specifically, Defendant Bulhman had the intent to hinder, delay, or defraud creditors of the Debtor so that he could receive additional funds through a dividend payment and this intent is imputed onto the Debtor.

64.     Additionally, there was no reasonably equivalent value exchanged for the dividends that were received by the Brokerage Defendants.

65. The dividends that were received by the Brokerage Defendants were transferred at a time that ATP has unreasonably small capital or were in the zone of insolvency.

66. The dividends that were received by the Brokerage Defendants were transferred for the benefit of the insider, Defendant Bulhman.

67. The Trustee is entitled to recover dividends that were received by the Brokerage Defendants as a conduit to the Preferred Stockholder Defendants as a result of the fraudulent transfers, plus pre-judgment and post-judgment interest.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rodney Tow, the Chapter 7 Trustee (the "Trustee") of the estate of ATP Oil & Gas Corporation prays that he be awarded a judgment against Preferred Stockholder Defendants and/or Brokerage Defendants for actual damages caused by the fraudulent transfers and preferential transfers listed above, attorney's fees, prejudgment interest and post-judgment interest and any other relief to which the Trustee has shown himself entitled.

Dated: June 26, 2015

        Respectfully Submitted,

        By:   /s/ T. Micah Dortch
              **TIMOTHY MICAH DORTCH**
              State Bar No. 24044981
              SDTX Bar No. 630903
**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540
Micah.Dortch@cooperscully.com

**ATTORNEY IN CHARGE FOR PLAINTIFF RODNEY TOW, TRUSTEE**

**OF COUNSEL**:

**COOPER & SCULLY, P.C.**

R. Brent Cooper
State Bar No. 04783250
SDTX Bar No. 18271
Brent.Cooper@cooperscully.com
Lauren Tow
State Bar No. 24081179
SDTX Bar No. 2108567
Lauren.Tow@cooperscully.com
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

Christopher D. Lindstrom
State Bar No. 24032671
SDTX Bar No.: 33525
815 Walker, Suite 1040
Houston, Texas 77002
Telephone: (713) 236-6800
Facsimile: (713) 236-6880
Chris.Lindstrom@cooperscully.com