

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| ATP OIL & GAS CORPORATION § | CASE NO: 12-36187 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| RODNEY TOW, CHAPTER 7 TRUSTEE § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 15-3179 | |
| § | | |
| T PAUL BULMAHN, *et al* § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

On June 26, 2015, Rodney Tow, Trustee, filed this adversary proceeding against certain brokerages that provided proxy representation for holders of preferred stock in ATP, ("Brokerage Defendants"), and certain holders of preferred stock in ATP ("Preferred Stockholder Defendants"). At the time the initial complaint was filed, Tow did not have sufficient information to identify all of the Preferred Stockholder Defendants by name. (ECF No. 1 at 8). Consequently, in the original complaint, Tow referred to these unidentified Preferred Stockholders as John Doe 1 through John Doe 553. (*Id.*). On August 16, 2016, Tow filed his first amended complaint in which he identified all of the Preferred Stockholders by name. (ECF No. 300).

Certain of the Preferred Stockholder Defendants[1] identified in Tow's amended complaint filed motions to dismiss Tow's amended complaint. (ECF No. 340 and 362). Tow seeks to avoid certain dividend payments made to the Preferred Stockholder Defendants. Specifically,

---

[1] The Movant Preferred Stockholder Defendants are: (1) AllianzGI Convertible & Income Fund II; (2) AllianzGI Global Equity & Convertible Income Fund; (3) Allianz Global Investors Fund Management LLC; (4) Fidelity Management & Research Company; (5) Fidelity Salem Street Trust – Fidelity Strategic D/Convertible Securities FD; and (6) Greenleaf Trust.

Tow's complaint alleges that the Preferred Stockholder Defendants were recipients of (1) fraudulent transfers under § 548 of the Bankruptcy Code, (2) fraudulent transfers under the Texas Uniform Fraudulent Transfer Act, and/or (3) preference payments under § 547 of the Bankruptcy Code. The motions to dismiss primarily assert that all of Tow's claims are barred by 11 U.S.C. § 546's statute of limitations. Alternatively, the motions assert that (1) Tow failed to plead actual fraud with particularly sufficient to satisfy Rule 9 for his claims under § 548 and TUFTA, (2) Tow failed to adequately plead constructive fraud for his claims under § 548 and TUFTA, (3) Tow failed to adequately plead a claim for a preference, (4) Tow failed to adequately plead standing to assert a TUFTA claim under § 544, and (5) Tow's asserted claims do not entitle him to recovery of attorneys' fees.

The Court must conduct a hearing to determine whether Tow may amend his complaint to include a basis for equitable tolling of the statute of limitations.

## Background

On August 17, 2012, ATP Oil & Gas Corp. filed a Chapter 11 bankruptcy petition. On June 26, 2014, the Court converted the Chapter 11 case to a case under Chapter 7. (ECF No. 3165). Tow alleges that in 2012 ATP paid dividends on account of certain ATP preferred shares in the months of January ($6,312,500.00), April ($6,178,950.00), and July ($6,178,948.00). The July dividend payment is alleged to have occurred within less than 90 days prior to ATP filing its Chapter 11 petition. (ECF No. 300 at 10-12).

Tow alleges that the dividends were remitted by ATP to the transfer agent, American Stock Transfer & Trust Company, LLC. The dividends were then transferred to Cede & Co. (also known as Depository Trust Company), who held the Preferred Stockholder certificates. The Depository Trust Company then distributed the funds to the Brokerage Defendants. Tow

alleges that "depending on the type of Brokerage Defendant in question, those funds were either held by the Brokerage Defendants or distributed directly to the Preferred Stockholder Defendants." (ECF No. 300 at 12-13).

### Rule 12(b)(6) Standard

The Court reviews motions under Fed. R. Civ. P. 12(b)(6) by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to plaintiffs." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). However, the Court "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

To avoid dismissal for failure to state a claim, a plaintiff must meet Fed. R. Civ. P. 8(a)(2)'s pleading requirements. Rule 8(a)(2) requires a plaintiff to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that the "well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." 556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[A] complaint does not need detailed factual allegations, but must provide the plaintiffs grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotations omitted).

### Jurisdiction

At a minimum, this Court has "related to" jurisdiction pursuant to 28 U.S.C. § 1334(b). Section 1334 provides that district courts have subject matter jurisdiction over all "civil

proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).  With respect to bankruptcy cases that remain open, the Fifth Circuit has held that "it is not necessary to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). The Fifth Circuit noted that § 1334(b)'s language operates "conjunctively to define the scope of jurisdiction." *Id.*  Consequently, bankruptcy courts need only "determine whether a matter is at least 'related to' the bankruptcy."  *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999) (citing *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995); *In re Wood*, 825 F.2d at 93).

The Fifth Circuit has construed "related to" jurisdiction broadly.  *See TXNB Internal Case v. GPR Holdings L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007). An adversary proceeding falls within the court's "related to" jurisdiction if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d at 93 (citing *Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984, 994 (3rd Cir. 1984)).  The adjudication of the claims in this lawsuit could potentially result in a benefit to ATP's bankruptcy estate.  Accordingly, the Court possesses subject matter jurisdiction over this adversary proceeding.

### Constitutional Authority

Although subject matter jurisdiction is proper in this Court, questions regarding an Article I judge's constitutional authority must be addressed.  Under *Stern v. Marshall*, the Supreme Court held that whether a bankruptcy court can enter a final judgment in a case depends on whether the cause of action stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.  131 S.Ct. 2594, 2618 (2011).  This adversary proceeding

involves state law claims and would not necessarily be resolved in the claims allowance process. Tow has affirmatively consented to this Court's issuing a final judgment in this adversary proceeding. (ECF No. 300 at 3). The Movant Preferred Stockholder Defendants have not affirmatively consented to the entry of a final judgment. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015) ("We hold that Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge").

Although it is unlikely this Court possesses the necessary constitutional authority to enter final judgment, a court may still issue interlocutory orders in proceedings where the court lacks authority to issue a final judgment. *Trevino v. HSBC Mortg. Serv. (In re Trevino)*, 535 B.R. 110, 125 (Bankr. S.D. Tex. 2015). An order resolving fewer than all of the claims presented in a complaint is interlocutory. *Id.* at 126. As the Court is not dismissing all claims presented in this lawsuit, the order accompanying this opinion is interlocutory.

**Analysis**

*Application of Rule 15(c)*

The Fifth Circuit has squarely held that an amendment to replace a "John Doe" defendant does not relate back under Rule 15(c) because the rule is aimed at correcting a *mistake* concerning the identity of a party. *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). In the case of a John Doe defendant, there is no *mistake* as to the proper identity, but rather a lack of knowledge of the identity of the proper party. *Id.*

There is no dispute regarding the date on which the limitations period expired with respect to Tow's claims. Pursuant to 11 U.S.C. § 546, any action under §§ 544, 547, and 548 (among others), must have been brought within one year of ATP's bankruptcy case converting to a case under Chapter 7. ATP's case was converted on June 26, 2014, making June 26, 2015, the

last day to assert an avoidance claim. The original complaint in this adversary proceeding was filed on June 26, 2015. (ECF No. 1). Tow's amended complaint formally identifying all of the Preferred Stockholders was filed on August 16, 2016, well after the limitations period expired. (ECF No. 300). Accordingly, absent the application of equitable tolling, Tow's claims against the movants alleged in his amended complaint are barred by § 546's statute of limitations.

*Equitable Tolling*

In Tow's response to the Movants' motions, he argues for the first time for the equitable tolling of the statute of limitations.

The statute of limitations is simply an affirmative defense. *IBT Int'l v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 701 (11th Cir. 2005). As such, it is subject to equitable considerations such as estoppel and waiver. *Id.* The statute of limitations under § 546 may be equitably tolled. *Ernst & Young v. Matsumoto (In re United Ins. Mgmt., Inc.)*, 14 F.3d 1380, 1385 (9th Cir. 1994).

Generally, in order to equitably toll the statute of limitations, a plaintiff must assert in their complaint some basis for equitable tolling. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."); *Wasco Prod., Inc. v. Southwall Techs, Inc.*, 435 F.3d 989, 991 (9th Cir. 2006) ("[F]ederal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings."); *Putzman v. Wells Fargo Bank, N.A.*, 2013 WL 4063309, at *5 (S.D. Tex. Aug 12, 2013) ("For a plaintiff to assert that tolling suspends the running of the limitations period, it must be pled in the

complaint."). Although equitable tolling may be set forth in an amended complaint, the Plaintiff must include sufficient factual allegations to justify the filing of the amended complaint. *Id.*

If the general rule is applied, Tow's complaint must raise some basis for equitable tolling. If it does, the Court must conduct an evidentiary hearing to determine whether Tow is entitled to amend his complaint to assert equitable tolling. If equitable tolling is not justified, the movants' Rule 12(b)(6) motion must be granted.

To determine whether Tow has raised some basis for equitable tolling, it is important to define what those bases are. Equitable tolling may be applied when the defendants' active or passive concealment prevented the trustee from discovering their identity sooner. *See IBT Int'l*, 408 F.3d at 701. Alternatively, the statute of limitations may be equitably tolled if the trustee was delayed by extraordinary circumstances. *See id.*; *see also In re Juliet Homes, LP*, 2010 WL 5256806, at *12 (Bankr. S.D. Tex. Dec. 16, 2010).

The only factual allegation in Tow's complaint that potentially implicates equitable tolling is reproduced here:

> The additional Defendants are Preferred Stockholders who received dividend payments in January 2012, April 2012 and July 2012. The Preferred Stockholders, previously listed as John Doe, received notice and dividends through a proxy system with the assistance of the Brokerage Defendants. The Brokerage Defendants were in possession of the names and contact information for the majority of the Preferred Stockholders. During the course of the litigation, the Brokerage Defendants provided the Preferred Stockholders' names and the Trustee attempted to resolve the claims with the Preferred Stockholders. The Trustee is seeking to join the Preferred Stockholders who received the largest amounts of preferred stock dividends.

(ECF No. 300 at 8). Tow does not allege that the Brokerage Defendants fraudulently concealed the names of the Preferred Stockholders, either actively or passively. The complaint simply alleges that Tow seeks to join the Preferred Stockholders he previously identified as John Doe.

There is no reference to the expired limitations period or any indication that the Brokerage Defendants were unwilling to provide the names of the Preferred Shareholders. Moreover, there was no reference to extraordinary circumstances. The Court will not infer concealment or extraordinary circumstances where none were suggested, much less affirmatively pled.

However, some courts have considered equitable tolling arguments raised *outside* of the original complaint. *In re O.E.M./Erie, Inc.*, 405 B.R. 779, 784 (Bankr. W.D. Pa. 2009) (court considered equitable tolling principles not expressly asserted in the pleadings but raised in a response to a motion to dismiss); *See In re Allou Distributors, Inc.*, 387 B.R. (Bankr. E.D.N.Y. 2008) (court considered equitable tolling argument contained in a supplemental memorandum of law); *In re Sheffield Steel Corp.*, 320 B.R. 408 (Bankr. N.D. Okla. 2004) (court considered equitable tolling which was asserted as a defense to a statute of limitations argument in a motion to dismiss). The results in these cases suggest that, in some circumstances, procedural formality may give way to other considerations. Moreover, these matters outside of the complaint may be treated as an informal motion for leave to amend the complaint. *See Putzman v. Wells Fargo Bank, N.A.*, 2013 WL 4063309, at *5 (S.D. Tex. Aug 12, 2013).

Tow has asserted factual allegations in his response to the motion to dismiss that he argues entitle him to equitable tolling of the statute of limitations. Accordingly, the Court will treat Tow's response as an informal motion for leave to amend and will hold a hearing to determine whether Tow is entitled to amend his complaint in order to assert a basis for equitable tolling of the statute of limitations.

*Importance of Prompt Filing*

The Court must address a series of decisions that relate to equitable tolling in "John Doe" cases. The law of this circuit is consistent: in cases where identifying the proper defendant is

challenging, filing suit with sufficient time to conduct discovery is crucial in order to demonstrate a justification for equitable tolling. For example, in *Spencer v. Doe*, the court held that equitable tolling was unavailable to a plaintiff who filed suit naming Doe defendants a mere *two weeks* before the limitations period was to expire. 2011 WL 3444336, at *3 (N.D. Tex. June 2, 2011) ("[P]laintiff did not allow any time for discovery about their identities before the statute of limitations elapsed, and . . . [h]e has not shown that he has diligently pursued his claims against the defendants such that equitable tolling is warranted in order to permit discovery of their identities."); *see also Gaia v. Smith*, 2011 WL 96578, *4 (S.D. Tex. Jan. 11, 2011) (finding no entitlement to equitable tolling where the defendants were added to the suit after the statute of limitations had expired because suit was filed only *two months* before limitations ran and the plaintiff therefore did not allow time for discovery to be conducted); *Nazerzadeh v. Harris County*, 2010 WL 3817149, *36 (S.D. Tex. Sept. 27, 2010) (finding no entitlement to equitable tolling as to "John Doe" officers where suit was filed on the *last day* of limitations period, too late to permit discovery into their identities before limitations ran); *Tema-Lopez v. U.S. Conveyor Sols., Inc.*, 2011 WL 4060351, at *3 (S.D. Miss. Aug. 26, 2011) (finding no entitlement to equitable tolling where plaintiff filed wrongful death action less than *two weeks* before the expiration of the limitations period, leaving insufficient time to conduct discovery to identify the appropriate defendant).

In contrast to the cases filed against unidentified defendants so near to the expiration of the limitations period is *Green v. Doe*, 260 F. App'x 717 (5th Cir. 2007). In *Green*, the plaintiff was incarcerated and filed a § 1983 suit against a "John Doe" correctional officer *eleven months* before the limitations period ran. *Id.* at 718. The court determined that the only reason the plaintiff was unable to identify the proper defendant by the time the limitations period expired is

because his discovery requests were denied by the trial court. *Id.* The court found that equitable tolling was appropriate to allow Green the opportunity to identify the defendant through formal discovery. *Id.* at 719.

The Court recognizes that the formal discovery rights available to Chapter 7 Trustee are more robust than those of a typical plaintiff prior to filing suit. This may be a basis on which to distinguish those cases that tout the importance of filing with sufficient time to conduct discovery. Nevertheless, equitable tolling applies "only in rare and exceptional circumstances." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). At the evidentiary hearing Tow must demonstrate that, despite the exercise of due diligence, he could not have discovered the identity of the defendants before the limitations period expired." *See Juliet Homes*, 2010 WL 5256806, at *12.

*Alternative Grounds for Dismissal*

Movants' assert several alternative bases for dismissal. If not rendered moot, the Court will address them following the conclusion of the evidentiary hearing on the equitable tolling issue.

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

Signed:
      December 19, 2016

                                        Marvin Isgur
                            United States Bankruptcy Judge